UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVONNE FROST,<br><br>                    Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK (HRA); NYC ACS; NYC MTA; UNITED STATES SD COURT; BRONX LEBANON HOSPITAL; CVR ASSOCIATES, INC.; BRONX SUPREME COURT; YONKERS FAMILY COURT; WHITE PLAINS SUPREME COURT; NYPD,<br><br>                    Defendants. | 19-CV-9564 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "Deny me my leisurely place of aboard [sic.], unfair treatment, withheld information." (ECF No. 2, at 2.) Plaintiff lists the places of occurrence as "NJ, Bronx, New York, Brooklyn," and the dates of occurrence as "[f]rom 2016 – present." (*Id.* at 5.) Among other allegations, Plaintiff asserts the following:

> I do[z]ed off on Atlantic Avenue platform and awoke to do acts that were projected in my head to carry out. In my sleep manipulations got me to like these acts and to say they were okay.

(*Id.* at 5.)

> Government have been ignoring me. I have been in government face too much. Government want me dead. Government see me as one of their biggest problems. They said "my hands are too greasy.["] Government been force-feeding me with their left overs.

> It is judgment time for the government. The government have been playing all different types of games for too long. After being fully convinced they were passing by me jiggling keys to drive me insane I said g[i]ve the keys to my brother for me.

2

> There is no key for me – it's just a show. No keys was ever given after any financial transaction. It has been alway[s] one sided. Government cannot torture me with jiggling keys anymore. No keys was given to my brother.

(*Id.* at 6.)

> There is two parts I would like to ask the court to order the defendant give me my keys to my leisurely house (12 noon today) outside the main entrance door (same place). Give my brother the second set of keys (today) [phone number] call him before 1:00pm for delivery.
>
> I would like to ask the court to order the defendant secure all paperwork – make it problem free. With the house(s) I heard via vision "easy to come in problems to leave." I would like to be able to sell on leave a house with no problems, attachments or strings. Someone is angry – very angry. I heard them say "I love navigating."

(*Id.* at 8.)

Plaintiff seeks declaratory and injunctive relief, and money damages. (*Id.* at 10-11.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Plaintiff has filed a total of 27 actions during the period from September 16, 2019, through October 21, 2019. *See Frost v. Oculus*, ECF 1:19-CV-9667, 5 (S.D.N.Y. Nov. 5, 2019)

(listing cases). In light of Plaintiff's abuse of the privilege of proceeding IFP, by order dated November 7, 2019, the Court barred Plaintiff under 28 U.S.C. § 1651 from filing future civil actions IFP in this Court without obtaining from the Court leave to file. *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). This action was filed prior to the bar order.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket.[1]

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The November 7, 2019 bar order remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 18, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)